## WILSON v. MOORE et al. *
## No. 15044.

Court of Appeal of Louisiana. Orleans.
Feb. 18, 1935.

Maurice Gatlin, of New Orleans, for appellant.

H. L. Hammett, of New Orleans, for appellee.

LECHE, Judge.

Plaintiff, a young woman twenty-nine years of age, brought this suit for damages against the receiver of the Simon Hubig Company and Arthur Borchewinck as codefendants, claiming the sum of $2,500 in damages as a result of injuries sustained from eating a piece of cocoanut cream pie manufactured by one of the defendants and sold to her by the other. From a judgment in favor of the defendant, plaintiff has appealed.

It appears that plaintiff entered the restaurant of Arthur Borchewinck at about 6 o'clock p. m. on May 21, 1933, where she or-

dered and consumed a bowl of chili and a slice of cocoanut cream pie. About an hour later she became violently ill and was taken to the Charity Hospital, where she was treated for food poisoning. Thereafter she filed this suit against the receiver of the Simon Hubig Company, manufacturers of the pie, and also against Arthur Borchewinck, the proprietor of the restaurant. Borchewinck filed no answer and no default was entered against him, but the case came up on its merits and was tried as between plaintiff and the receiver of the pie company.

According to the testimony the pie was manufactured on the morning of Saturday, May 20th, and was delivered to Borchewinck's Restaurant at 11:30 a. m., or shortly after it was made. In support of her allegation that her illness was caused by the cocoanut cream pie, it was shown by plaintiff that soon after she had eaten the pie in Borchewinck's Restaurant, parts of the same pie were eaten by Borchewinck's children, who shortly thereafter also became ill and were taken to the Charity Hospital for treatment. The physician who testified on behalf of defendant was asked if the illness could have been caused by the combination of the chili and the cream pie, or whether, in view of the fact that Borchewinck's children were also affected, it was caused by the pie alone. He replied that in his opinion the illness was caused by the pie, and we are of opinion that the record fairly discloses this and that plaintiff's condition was, in fact, caused by the unwholesome or poisonous condition of the cocoanut cream pie.

The question to be considered is whether or not the condition of the pie was attributable to the negligence or fault of the manufacturer, or whether it attained this condition after coming into possession of the restaurant keeper. Witnesses on behalf of defendant, including defendant's employees, who actually made the pie, testified to the effect that the ingredients which entered into the making of the pie were all fresh and in good condition, that all precautions were observed, and that, upon delivering the pie to Borchewinck, he was informed that it was subject to deterioration if kept too long. It was also shown that other cocoanut cream pies made out of the same mix were eaten by other persons, including several children, without any serious or unusual results, and that, had this mix been in any way unwholesome or defective, these parties would have been stricken as was plaintiff. On the other hand, Borchewinck's

*Rehearing denied March 4, 1935.

Restaurant was of the small variety, with poor ventilation, having the kitchen immediately adjoining the dining room. The pies were kept in a glass pie case, and it was some thirty-six hours after receipt of the pie that plaintiff was served a portion of it.

The question involved, one of fact, is whether the pie was defective when defendant delivered it to Borchewinck, or whether the deterioration took place after the pie was delivered. The learned trial judge, who saw and heard the witnesses, was of the opinion that the spoilation occurred after the pie was delivered to Borchewinck and that defendant was free from fault. We discover no such manifest error in his conclusions as to warrant a reversal by us of his finding of fact.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.